PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD G. JACKMAN, JR., Plaintiff, | ) | CASE NO. 4:11cv00016 |
| v. | ) | JUDGE BENITA Y. PEARSON |
| HARLEY J. LAPPIN, *et al.*, Defendants. | ) | **MEMORANDUM OF OPINION & ORDER** |

*Pro se* Plaintiff Donald G. Jackman filed this *Bivens*[1] action against United States Bureau of Prisons ("BOP") Director Harley J. Lappin, Elkton Federal Correctional Institution ("FCI Elkton") Warden John T. Shartle, FCI Elkton Unit Manager Jason Streeval, FCI Elkton Nurse Jeff Owen, FCI Elkton Physicians Assistant ("PA") Jimmie Ward, FCI Elkton Laboratory Technician Ms. Lowe, and John/Jane Doe FCI Elkton Medical Staff. In the Complaint, Plaintiff alleges a DNA sample was taken from him without due process. He seeks monetary and injunctive relief.

## I. Background

Jackman is a prisoner at FCI Elkton serving a 262 month sentence for a 2002 conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and for possessing an unregistered firearm in violation of 26 U.S.C. § 5681(d). *See United States*

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971). While plaintiff cites 42 U.S.C. § 1983, that section is inapplicable, as the allegations made are against *federal* employees not those acting under color of *state* law.

*v. Jackman*, No. 2:00-cr-0072 (W.D. Pa. filed Apr. 12, 2000).

In 2000, Congress enacted the DNA Analysis Backlog Elimination Act ("the Act"), which requires the Bureau of Prisons and other federal authorities to collect DNA samples from individuals convicted of certain violent crimes who are in custody or on probation, parole, or supervised release. 42 U.S.C. § 14135a (2000). The DNA samples are then sent to the Federal Bureau of Investigation for inclusion in its Combined DNA Index System ("CODIS"). 42 U.S.C. § 14135a(b) (2005). An individual's failure to submit to DNA collection under the Act constitutes a class A misdemeanor subject to punishment according to Title 18 of the United States Code. 42 U.S.C. § 14135a(a)(5) (2005). In 2000, the Act was amended to expand the list of qualifying offenses to include "[a]ny felony." 42 U.S.C. § 14135a(d) (2005).

Jackman was ordered by his Unit Manager, Jason Streeval, to have his blood drawn for the DNA collection on September 3, 2010. He refused and requested a pre-deprivation hearing. Mr. Streeval told him he would investigate the request. Jackman was called to the medical department on September 22, 2010 and compelled by Nurse Owen, PA Ward, and Ms. Lowe to give the DNA sample. He asserts he was denied due process.

**II. Standard for Dismissal**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v.*

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. Additionally, a cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

While a pleading may contain a "short and plain statement of the claim showing that the pleader is entitled to relief, " *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), the factual allegations in the pleading "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true", even if doubtful in fact. *Bell Atl. Corp.*, 550 U.S. at 555. A Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. The pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## III. Law and Analysis

Jackman alleges that he was deprived of property without procedural due process when his DNA specimen was collected and his DNA profile disclosed in CODIS without a pre-deprivation hearing. "The fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

Procedural due process is meant to protect persons, not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property. *Carey v. Piphus*, 435 U.S. 247, 259 (1978). It is a flexible concept that requires such procedural protections as the particular situation demands. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

**A.**

The Sixth Circuit Court of Appeals has explicitly rejected the claim that the taking of a DNA sample pursuant to the Act violates the Due Process Clause. *See U.S. v. Bean*, No. 05-6760, 2007 WL 177898, *3 (6th Cir. Jan. 24, 2007) (holding that the collection of plaintiff's DNA under the Federal DNA Act did not violate the Due Process Clause). Thus, pursuant to the Sixth Circuit's ruling, the Court finds that Jackman's claim lacks merit.

**B.**

To determine if adequate procedural protections are in place to satisfy the Due Process Clause, three factors are considered. *Mathews*, 424 U.S. at 335. First, the Court looks at the private interest that will be affected by the official action. *Id.* Next, the risk of an erroneous deprivation through the available procedures is examined, and the probable value, if any, of additional or substitute procedural safeguards is considered. *Id.* Finally, the Government's interest, including the function involved and the fiscal and administrative burdens that additional procedural requirements would entail, are weighed. *Id.*

An examination of the factors set forth in *Matthews* provides the Court with additional justification to hold Jackman's due process violation claim meritless. First, Jackman's private interest in DNA collection is minimal. *See Williams v. Dept. of Rehabilitation and Correction*,

(4:11cv0016)

No. 00-3062, 2001 WL 133127, *2 (6th Cir. Feb. 5, 2001)(holding that a prisoner's due process claim failed because his DNA sample involved nothing more than a *de minimus* taking under the Ohio DNA collection statute). The private interest affected by the Act is not the DNA itself, but rather the identifying information that it contains. *See Johnson v. Quander*, 370 F.Supp.2d 79, 102 (D.D.C.2005). A prisoner convicted of a qualifying offense has been identified by law enforcement and prison officials, and records of that identity are already maintained. A prisoner, therefore, has no greater privacy interest in the identifying information obtained through collection of a DNA sample. *Id.; see Williams,* No. 00-3062, 2001 WL 133127 *2.

With respect to the second factor, the risk of erroneous deprivation is not only small, but that there is also little value to additional or substitute procedural safeguards. The Act requires the BOP Director to "collect a DNA sample from each individual in the custody of the Bureau of Prisons who is, or has been convicted of a qualifying Federal offense...or a qualifying military offense... ." 42 U.S.C. §14135a (a)(1)(B). A qualifying offense is defined as: "(1) Any Felony; (2) Any offense under chapter 109A of Title 18; (3) Any crime of Violence (as that term is defined in section 16 of Title 18); [and] (4) Any attempt or conspiracy to commit any of the offenses in paragraphs (1) through (3)." 42 U.S.C. § 14135a(d).

The only question that would be addressed by a pre-deprivation hearing is whether Jackman, who is clearly in the custody of the BOP, had been convicted of a felony. Although Jackman challenges that conviction as being the result of withheld exculpatory evidence, a pre-deprivation hearing would not present an opportunity for him to collaterally attack that judgment of conviction. In addition, there are procedures in place to have DNA expunged from

the CODIS system in the event of an exoneration or dismissal of charges. 42 U.S.C. § 14132(d)(1)(A). The risk of an innocent person's DNA being included in CODIS is, therefore, minimal. Additionally, given that a conviction for a predicate offense is the only criterion for extracting a DNA sample under the statute, it would be meaningless to mandate that the prison provide Jackman with a hearing prior to the extraction of his DNA through a blood sample.

Finally, the government has compelling interests in maintaining a DNA database. A DNA database promotes increased accuracy in the investigation and prosecution of criminal cases. *U.S. v. Sczubelek*, 402 F.3d 175, 185 (3rd Cir.2005). The database will aid in solving crimes should they occur in the future, and will help to exculpate individuals who are serving sentences of imprisonment for crimes they did not commit. *Id.*; *see* *U.S. v. Pool*, 645 F.Supp.2d 903, 910-914 (E.D.Cal.2009) (listing compelling government interests that support maintaining a national DNA database for qualified offenders). It provides a tool to law enforcement to eliminate individuals from suspect lists when crimes occur. *Pool*, 645 F.Supp.2d at 910. The interest in accurate criminal investigations and prosecution is a compelling interest that the DNA Act can reasonably be said to advance. *Id*

Considering the limited interest Jackman has in his identification information, the low risk of erroneous deprivation, and the compelling government interests that support maintenance of a national DNA database, Jackman had no right under the Fifth Amendment to a hearing prior to the collection of his DNA sample.

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). Jackman's motion

for appointment of counsel is dismissed as moot. ECF No. 3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

June 14, 2011
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.